UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-21897-JEM

VINCENT PAPA,

    Plaintiff,

v.

GRIECO FORD FORT LAUDERDALE LLC,

    Defendant.
_____/

**DEFENDANT GRIECO FORD FORT LAUDERDALE LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE CLASS-ACTION COMPLAINT**

In accordance with Federal Rules of Civil Procedure 8 and 12, Defendant Grieco Ford Fort Lauderdale LLC (Defendant) answers and asserts affirmative defenses to Plaintiff Vincent Papa's (Plaintiff's) class-action complaint (the complaint).

1. Denied, except admitted only that Plaintiff brings this action against Defendant under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

**Nature of the Action**

2. Admitted that Plaintiff purports to bring this action as a putative class action under the TCPA.

3. Denied, except admitted only that Defendant is a car dealership.

4. Denied, except admitted only that Plaintiff seeks various kinds of relief through this action.

**Jurisdiction and Venue**

5. Denied, except admitted only that jurisdiction exists under 28 U.S.C. § 1331.

6. Denied, except admitted only that venue is proper under 28 U.S.C. § 1391.

**Parties**

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. Denied, except admitted only that Defendant is a Florida limited liability company with its principal address at 1333 N. Federal Highway, Fort Lauderdale, Florida 33304, and that Defendant conducts business in the State of Florida.

**The TCPA**

9. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

10. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

11. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

12. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

13. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

14. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

15. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

16. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

17. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

18. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

19. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

20. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

21. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

22. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

23. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

**Facts**

24. Denied that Defendant sent the text message alleged in this paragraph; otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

26. Denied.

27. Denied.

28. Denied.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

31. Denied.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

34. Denied.

35. Denied.

36. Denied.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

38. Denied.

39. Denied.

### Class Allegations

40. Defendant admits that Plaintiff purports to bring this action as a putative class action under Federal Rule of Civil Procedure 23, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 40 of the complaint.

41. Defendant admits that Plaintiff purports to bring this action on behalf of the putative classes alleged in paragraph 41, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 41 of the complaint.

42. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 42 of the complaint.

43. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 43 of the complaint.

44. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 44 of the complaint.

## Common Questions of Law and Fact

45. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 45 of the complaint.

46. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 46 of the complaint.

47. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 47 of the complaint.

48. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 48 of the complaint.

49. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 49 of the complaint.

50. Defendant admits that Plaintiff purports to bring this action as a putative class action, but denies that any class should be certified or is appropriate. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 50 of the complaint.

### Count I—Violations of the TCPA, 47 U.S.C. § 227(b)

51. Defendant repeats and incorporates herein its responses to the allegations set forth in paragraphs 1–50.

52. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

53. The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the assumption of truth. If a response is required, Defendant denies the allegations.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

Defendant denies all the allegations in Plaintiff's wherefore clause.

### Count II—Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)

60. Defendant repeats and incorporates herein its responses to the allegations set forth in paragraphs 1–50.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

Defendant denies all the allegations in Plaintiff's wherefore clause.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims, and the putative class members' claims, are barred because any call or text message alleged to have violated the TCPA occurred with prior express consent.

2. Plaintiff's claims, and the putative class members' claims, are barred because Defendant had a good-faith belief that any call or text message alleged to have violated the TCPA occurred with prior express consent.

3. Plaintiff's claims, and the putative class members' claims, are barred or should be reduced to the extent that, as applied, the statutory damages of the TCPA violate the Due Process Clause of the Fifth or Fourteenth Amendments to the U.S. Constitution.

4. Imposing statutory damages against Defendant in a class action would violate the excessive-fine restriction of the U.S. Constitution.

5. Plaintiff's claims, and the putative class members' claims, are barred to the extent that they are untimely under any applicable statute of limitations.

6. Plaintiff's claims, and the putative class members' claims, are barred because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent TCPA violations.

7. Plaintiff's claims, and the putative class members' claims, are barred from being asserted in this court or as part of a putative class to the extent that they are subject to any arbitration clause.

Dated: June 22, 2018 Respectfully submitted,

    s/Brian W. Toth
    Brian W. Toth
    Florida Bar No. 57708
    brian.toth@hklaw.com
    HOLLAND & KNIGHT LLP
    701 Brickell Avenue, Suite 3300
    Miami, Florida 33131
    Telephone: (305) 374-8500

## CERTIFICATE OF SERVICE

I certify that on June 22, 2018, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

    s/Brian W. Toth